Hazel Stoudemire, #220501,    )    2:24-cv-00124-JFA-MGB
        Plaintiff,    )
        v.    )    Amended Complaint
Sergeant Thomas; Lieutenant Priester;    )
Captain Livingston; and Bryan    )
Stirling    )
        Defendants.    )

The Plaintiff amend complaint and object to the Report and Recommendation to the extent of all allegations asserted against Defendants in any actions, inactions, wrongdoing, or liability claims under the Eighth Amendment and South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15-78-10 to 15-78-220.

1. Plaintiff asserts Sergeant Thomas while working Wateree unit by his self participated directly in the assault when he came to the call at 6:1pm on February 16, 2021, and open this Plaintiff's cell door and allowed a gang of inmates to assault Plaintiff. From the assault Plaintiff sustain a broken jaw and back injury. See Opinion and Order page 5, line 14-17, 2:21-cv-01230-JFA, Date Filed 03/01/22.
After the assault and Sergeant Thomas personally

1

examined the injuries he radio Lieutenant Priester and Captain Livingston. Both Lieutenant Priester and Captain Livingston came to Wateree Unit after personally examined the injuries and disregarded a substantial risk of harm to Plaintiff health and safety when they ordered Plaintiff to return back to his cell.

2. Plaintiff asserts Lieutenant Priester was notified by Sergeant Thomas by radio as stated above Lieutenant Priester after personally examining the injuries and disregarded a substantial risk of harm to Plaintiff health and safety and denyed medical care for those injuries that this Plaintiff sustained.

3. Plaintiff asserts Captain Livingston also was notified by Sergeant Thomas by radio as stated above Captain Livingston after personally examining the injuries and disregarded a substantial risk of harm to Plaintiff health and safety and denyed medical care for those injuries by ordering Plaintiff back to the cell after sustaining the permanent injuries. "All of the above stated defendants knew of the risk to Plaintiff's safety and failed to do anything about it." Not to mention the injuries, the Plaintiff sustain was permanent.

As employees of the State of South Carolina, the Defendants Thomas, Priester, and Livingston

2

Are subject to suit for damages under § 1983 in their official capacities. Sergeant Thomas knew before he open Plaintiff's cell door disregarded "an excessive risk to inmate health or safety." The unit already on 6/100 lockdown, "you got one specific group out and you open my cell door at 6:pm." A Lieutenant and a Captain was notified and both witness the injuries after the assault and failed to get Plaintiff medical care and provide security for Plaintiff's safety, under the Eighth Amendment. The defendants had a "sufficiently serious and a subjective requirement of showing that deprivation qualifies as a punishment.

4.   Here, as a prisoner inside the South Carolina Department of Correction the Plaintiff in this suit asserts that Bryan Stirling failed to train his employees (Thomas, Brewster, and Livingston) in their duty and care for prisoner. As with security inside of South Carolina Department of Corrections Bryan Stirling should not be allowed to use gangs as a security means. The Plaintiff stated this before and state again its corrupt. The South Carolina Department of Corrections

3

fire more employees than releasing prisoners. It's Bryan Stirling fault in the lack of security training to his employees is why Plaintiff has permanent injuries and takes pain reliever medications that he will have to take for the rest of his life. As just stated "Bryan Stirling should not be allowed to have gangs" run prison because he lack employees. I'm suing Bryan Stirling because he failed to train his employees and the custom SCDC has adopted with gangs he is exposed to information concerning the risk to my safety and health. Plaintiff asserts that Bryan Stirling was deliberately indifference to my health and safety.

Moreover, Bryan Stirling violated this Plaintiff's First Amendment and due process by creating a dangerous communication throughout the department when he published confidentiality grievance material on a website that concerns matters of the previous case. See Attached "Inmate Request-General" and SCDC's policy/procedures of paragraph 4. through 4.1 of Policy GA-01.12. This publication of this material has imposed an atypical and significant hardship on this Plaintiff in relation to the ordinary incident of prison life.

Date: April 23, 2024

S/ Hazel Stoudemire SR
/ Hazel Stoudemire SR

4