IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazel Stoudemire, Sr., #220501,<br><br>                            Plaintiff,<br><br>vs.<br><br>Sergeant Thomas; Lieutenant Priester; Captain Livingston; Bryan Stirling; and South Carolina Department of Corrections,<br><br>                            Defendants. | C/A No. 2:24-cv-00124-JFA-MGB<br><br><br>**OPINION AND ORDER** |

I.      **INTRODUCTION**

       Plaintiff Hazel Stoudemire, Sr., ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Plaintiff has moved for a Preliminary Injunction (ECF No. 4) and a Temporary Restraining Order (ECF No. 5). After reviewing Plaintiff's motions for injunctive relief, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's motions for injunctive relief should be denied. (ECF Nos. 4, 5). Within the Report, the Magistrate Judge states that Plaintiff has not satisfied the *Winter* factors in his requests for injunctive relief, Plaintiff has not clearly expressed what specific relief he seeks, and some of the relief Plaintiff seeks has been rendered moot because Plaintiff has been transferred to a new location. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

       Notably, after performing an initial review of the Complaint, the Magistrate Judge assigned to this action issued an order informing Plaintiff that the Complaint contained several deficiencies

1

as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF No. 6). Plaintiff filed an Amended Complaint on April 29, 2024. (ECF No. 14). However, the instant Report (ECF No. 8) only addresses Plaintiff's two motions for injunctive relief, which could be properly addressed prior to the filing of the Amended Complaint. (ECF Nos. 4, 5).

Plaintiff has filed three documents that this Court will address as they pertain to the Magistrate's Report. Plaintiff's Amended Complaint (ECF No. 14) was entered twice on the docket: once as an Amended Complaint (ECF No. 14), and a second time as an objection to the Magistrate's Report (ECF No. 16), as it purports to object to the Report in its opening paragraph. However, this Court cannot discern any specific objections within the Amended Complaint. Plaintiff merely states that he "object[s] to the Report and Recommendation" without pointing to any specific portions of the Report or providing any specific reasons for his objection in the Amended Complaint. (ECF No. 16). Thus, this Court will focus primarily on the separate objections that Plaintiff filed on May 3, 2024. (ECF No. 17).

## II.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—

factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

The majority of Plaintiff's objections to the Report are not specific, consisting largely of quotations from the Report and various cases and statutes without explanation. The blanket objection contained in the Plaintiff's Amended Complaint is not specific as to any portion of the Report or the Magistrate Judge's reasoning. (ECF No. 14). Further, the objections contained in the second set of objections that Plaintiff filed (ECF No. 17) in response to the Report largely repeat portions of the Plaintiff's Complaint (ECF No. 1), Plaintiff's motions for injunctive relief (ECF Nos. 4, 5), and the Report (ECF No. 8) without specifically criticizing the Magistrate Judge's

reasoning. The Court reiterates that it need only address those portions of the Report to which Plaintiff has made a specific objection.

Plaintiff's objections (ECF No. 17) contain eight numbered paragraphs with three lengthy subsections that include numerous grievances. The objections contained in the numbered paragraphs consist solely of direct quotes from the Report without any indication as to why Plaintiff is objecting to the pages and line numbers he references. (ECF No. 17, pp. 1–3). Further, the objections contained in the three lettered subsections consist almost entirely of quoted portions of the Report in addition to paragraphs of citations to cases and statues with no explanation as to the relevance of the cited material. (ECF No. 17, pp. 4–10). For instance, Plaintiff quotes the portion of the Report that includes the *Winter* factors, but he does not indicate why he believes the Magistrate Judge misapplied any of the factors. (ECF No. 17, p. 9). He merely states that "Plaintiff object specifically to the report and recommendation page 4, lines 19-page 6, line 11." (ECF No. 17, p. 10). This Court has reviewed all specifically cited portions of the Report for clear error, and it has found none.

Plaintiff otherwise largely repeats facts already alleged in other filings that the Magistrate Judge has previously reviewed, either in this matter or in the Plaintiff's previous action relating to the same incident that was dismissed for "failure to exhaust his administrative remedies." (ECF No. 8, pp. 1–2). For instance, he repeats that Sergeant Thomas, Lieutenant Priester, and Captain Livingston "came to the unit and ordered Plaintiff back in the cell where the assault occurred," a fact alleged in previous filings. (ECF No. 17, pp. 10–11; ECF No. 8, pp. 1–2). The sole portion of Plaintiff's objections that appears to be responsive to the Report states that Plaintiff should be granted a "preliminary injunction for dental care and [a] back x-ray." The Report notes that Plaintiff had not alleged "which Defendants, if any, personally deprived Plaintiff of his right to

4

adequate medical care and how they did so." (ECF No. 8, pp. 4–5). Although Plaintiff has more specifically described two specific kinds of medical treatment he wants to receive, he still has not identified who is denying him this treatment and "how they [are doing] so." (ECF No. 8, p. 5).

With respect to the portion of the Report that addresses Plaintiff's requests for injunctive relief as it pertains to "insufficient staffing and security measures" and the effect of his transfer to Lee Correctional Institution on those requests, Plaintiff does not specifically object. He quotes portions of the Report that address his transfer in facilities, and he refers to "Lee Correctional Institution" once in a sentence in which he contends that Defendants have a "public servant duty to protect plaintiff from assault and battery . . . .". (ECF No. 17, p. 6). However, he does not explain how or why his transfer to Lee Correctional Institution does not moot his claims for injunctive relief with respect to the "policies, practices, or conditions" in effect at Broad River Correctional Institution where the incident occurred. (ECF No. 8, p. 5 (quoting *Wallace v. Solomon*, 740 F. App'x 283, 284 (4th Cir. 2018))).

Finally, with respect to Plaintiff's allegations that the "lack of adequate staffing and security measures extend[s] to all SCDC facilities," his Amended Complaint appears to raise allegations regarding Defendant Stirling's "fail[ure] to train his employees" and "use [of] gangs as a security means." (ECF No. 16, pp. 3–4). The Report noted that Plaintiff had failed to raise allegations regarding the "lack of staffing and security measures" across "all SCDC facilities" in his original complaint. (ECF No. 8, p. 6). The Court will construe Plaintiff's Amended Complaint to now include allegations to that effect. However, Plaintiff's allegations still fail to satisfy the *Winter* factors. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not demonstrated that he is "likely to succeed on the merits" with respect to his blanket suggestions that Defendant Stirling has not properly trained his employees and has not properly staffed

5

SCDC's facilities. (ECF No. 16, pp. 3–4; ECF No. 8, p. 6 (citing *Direx Israel, Ltd. V. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991))).

Plaintiff has not identified any specific harm that he has suffered at Lee Correctional Institution because of the failures he alleges Defendant Stirling is responsible for, nor does he ask for any relief relating to any harm allegedly suffered at Lee Correctional Institution. He merely states that Defendant Stirling "should not be allowed to use gangs as a security means" and that he "failed to train his employees." (ECF No. 16, pp. 3–4). As the Magistrate Judge noted in their Report, the required "irreparable harm" must be "neither remote nor speculative, but actual and imminent." *Direx*, 952 F.2d at 812. Plaintiff's allegations regarding the overarching condition of SCDC facilities and the harms he may face while being held at Lee Correctional Institution are both remote and speculative, and they do not satisfy the *Winter* factors. (ECF No. 14, pp. 3–4).

In sum, Plaintiff did not specifically object to the Magistrate Judge's Report where it addressed his request for "immediate medical treatment for his purported injuries" and his request for injunctive relief with respect to the conditions at Broad River Correctional Institution, apart from Plaintiff's reference to a particular kind of medical treatment he wants to receive. Plaintiff's Amended Complaint contains new allegations regarding Defendant Stirling and the "staffing and security measures" across "all SCDC facilities," but those allegations fall short of what the *Winter* factors and this Circuit's authority require from requests for injunctive relief as well. The entire Report has been reviewed for clear error where Plaintiff did not specifically object and *de novo* where the Plaintiff did specifically object. Thus, Plaintiff's objections are either non-specific or are overruled.

6

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 8). Consequently, Plaintiff's motion for a Preliminary Injunction and Plaintiff's motion for a Temporary Restraining Order are denied. (ECF Nos. 4, 5). This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

May 29, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge