IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazel Stoudemire, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Sergeant Thomas; Lieutenant Priester; Captain Livingston; Bryan Stirling; and South Carolina Department of Corrections, <br><br> Defendants. | C/A No. 2:24-cv-124-JFA-MGB <br><br><br> **OPINION AND ORDER** |

I.     INTRODUCTION

Plaintiff Hazel Stoudemire, Sr, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA") alleging that Defendants failed to protect him and failed to provide him with adequate medical care while he was incarcerated at Broad River Correctional Institution ("Broad River"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Plaintiff's Motion for Summary Judgment (ECF No. 86); Defendant Captain Livingston's Motion for Summary Judgment (ECF No. 97); a Motion for Summary Judgment filed by Defendants Priester, South Carolina Department of Corrections ("SCDC"), Bryan Stirling, and Thomas (ECF No. 99); Plaintiff's Motion for Directed Verdict (ECF No. 105); and Plaintiff's "Motion for Declaratory Judgment Act, 28 U.S.C. § 2201" (ECF No. 115).

1

After reviewing each dispositive motion, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Plaintiff's motions be denied, and Defendants' motions be granted. (ECF No. 116). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections (ECF Nos. 118 & 119) to which the Defendants responded (ECF No. 128 & 129). Plaintiff also filed a reply to Defendants' responses which reiterated those arguments within his objections[1]. (ECF No. 133-1). Thus, this matter is ripe for review.

II.     **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718

---

[1] This document was filed alongside a request for extension of time to reply to Defendants' responses. (ECF No. 133). That motion is granted to the extent it requests the court consider the attached reply despite its untimely filing. To the extent this motion requests additional time to file additional replies, such request is denied as Plaintiff has failed to show good cause for the extension. Moreover, Plaintiff was specifically warned no further extensions would be granted. (ECF No. 131).

F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 116). In short, Plaintiff alleges that, on February 16, 2021, Defendant Thomas unlocked Plaintiff's cell door which allowed an unidentified group of inmates to enter Plaintiff's cell and attack him, ultimately resulting in Plaintiff receiving a broken jaw. Plaintiff further alleges all Defendants subsequently failed to provide timely medical assistance for his injuries.

In response to the Report, Plaintiff filed two sets of objections (ECF Nos. 118 & 119) along with a reply to Defendants' response (ECF No. 133). When liberally construed, the court has discerned four separate specific objections to the Report. Although most of these objections appear to be mere disagreements with the Magistrate Judge's conclusions supported by a rehashing of those arguments previously presented, the court will nevertheless address each argument below.

<u>First Objection</u>

Within his first objection, Plaintiff challenges the Magistrate Judge's conclusion that Plaintiff failed to provide evidence via a verified complaint or proper affidavit to

4

support his allegations. Plaintiff initially takes issue with the determination that his Amended Complaint was not verified and therefore cannot be used in support or in opposition of summary judgment. Plaintiff points to a summary judgment motion "signed, sworn, and submitted under penalty of perjury on August 16, 2021, that he filed in his response to Defendant's Reply to their August 28, 2025, motion" (August 2021 Document). (ECF No. 118, p. 1). It appears Plaintiff actually filed this alongside his response in support of his own summary judgment motion. (*See* ECF No. 113-1). However, it does not appear that the August 2021 Document actually contains sworn statements regarding the facts of this case. *See id.* Further, "Plaintiff contends that he submitted a declaration as well on February 27, 2025, that he attached with the motion for discovery sanction, including motion for default judgment and a request for admission" (February 2025 Document). (ECF No. 118, p. 1).

As to the February 2025 Document, Plaintiff's assertion that this document was previously filed with the Court is not supported by the record. The docket does not show any such document was filed and it does not appear that Plaintiff filed the February 2025 Document with the Court in his most recent filing. Plaintiff has offered no explanation as to why he has failed to file this document with the Court, nor has he offered an explanation as to why he did not cite to these declarations in any of his prior briefs.[2] Given the untimeliness of Plaintiff's reliance on the February 2025 Document and the lack of

---

[2] Plaintiff avers that this document was sent to opposing counsel at some point in this litigation. Regardless, the document has still not been filed or presented to the court. Accordingly, the Magistrate Judge did not err in failing to consider a document never presented.

explanation as to why it has not been filed, outside of Plaintiff's unsworn and self-serving assertion it was previously filed, the Magistrate Judge did not err in failing to utilize such a document when deciding Defendants' motion for summary judgment. *Shelley v. Stirling*, No. 4:18-CV-2259-JFA-TER, 2019 WL 3296970, at *5 (D.S.C. July 23, 2019) (finding affidavits submitted after the issuance of a Report and Recommendation untimely and thus refusing to consider them in deciding summary judgment).

Moreover, the August 2021 Document is not a proper factual declaration, nor does it contain facts which would warrant the denial of Defendants' motion for summary judgment. The August 2021 Document appears to be comprised of three separate documents related to a 2021 lawsuit filed by Plaintiff: an August 16, 2021, cover letter to defense counsel; a declaration regarding service; and a petition for summary judgment. (ECF No. 113-1). Plaintiff appears to contend that the declaration somehow prospectively verifies the complaint in this present action or verifies Plaintiff's motion for summary judgment, therefore constituting testimony which may be considered on summary judgment. This contention is belied by a review of the August 2021 Document.

First, according to Plaintiff's own assertions, the August 2021 Document was created years before Plaintiff commenced this lawsuit. Accordingly, it cannot be used to verify the later allegations put forth in the present complaint. More importantly, however, the declaration contained in the August 2021 Document does not actually appear to verify any statements other than the statements contained in the document itself, which does not contain any factual testimony regarding the underlying incident of this lawsuit. The declaration is made in relation to a certificate of service and does not purport to verify the

contents of Plaintiff's 2021 motion for summary judgment as Plaintiff contends. Accordingly, The Magistrate Judge correctly declined to consider such a filing.

Moreover, even if the Court were to accept Plaintiff's 2021 summary judgment petition as verified fact testimony, the contents of that motion would not warrant a denial of Defendants' summary judgment motion, because it contains no specific factual testimony regarding the underlying incident. (*See* ECF No. 113-1). This document only makes conclusory statements and legal conclusions and generally asks the Court for relief. Such allegations fall far short of the type of testimony Plaintiff would need to support his claim past Defendants' motion for summary judgment. Accordingly, even if the Court were to accept Plaintiff's 2021 summary judgment motion as testimony, the result would remain unchanged. Consequently, Plaintiff's first objection is overruled.

Second Objection

Within his second objection, Plaintiff takes issue with the Report's application of Eleventh Amendment immunity to certain claims. Specifically, Plaintiff states that Defendants have waived Eleventh Amendment immunity and that the state-law immunity found in the South Carolina Tort Claims Act does not apply to Plaintiff's constitutional claims. (ECF No. 118, p. 2). Further, Plaintiff "contends that under the state-created danger doctrine, [these Defendants] violated due process in their misconduct[.]" *Id*. Plaintiff further appears to object that the Court erred "in not addressing or adjudicating Plaintiff's Fourteenth Amendment claims in their individual capacities[.]" *Id.*

As to all of these objections, Plaintiff has failed to cite any authority in support of his assertions. A review of the Report shows that the Magistrate Judge correctly applied

Eleventh Amendment immunity to Plaintiff's claims against SCDC and these Defendants in their official capacity. Further, the Report correctly held that Plaintiff's claims are properly analyzed pursuant to the Eight Amendment, as opposed to the Fourteenth Amendment, given that Plaintiff is a convicted prisoner who was in custody at the time of the events in question. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir.1987)("Constitutional claims of convicted prison inmates that they have suffered physical harm at the hands either of prison officials or of fellow-inmates against whom prison officials failed to provide protection, are most appropriately assessed under the eighth amendment...."). Finally, Plaintiff has offered no argument or authority which would support application of the state-created danger doctrine which appears to be a subset of Plaintiff's improper Fourteenth Amendment claims. As such, Plaintiff's objections are improper and overruled.

<u>Third Objection</u>

Plaintiff's third objection avers that the Magistrate Judge should have found that the Plaintiff submitted evidence that satisfies the subjective prong of the § 1983 failure to protect analysis. (ECF No. 118, p. 3). Specifically, Plaintiff states "[t]he fact that the unit was already under lockdown establishes that a dangerous condition existed before Thomas popped the cell door." *Id*. Further, Plaintiff puts forth an order from an unrelated case which Plaintiff states shows Defendants disregarded a substantial risk of harm. *Id.*

As stated above, Plaintiff's declaration testimony was not filed for the Court's consideration on summary judgment and, even if accepted, would not serve to prove that any Defendant had any knowledge of potential harm specifically as to the Plaintiff. Similarly, the order referenced by Plaintiff is from an entirely different case with different

8

parties and is not proper testimony on which the Court may rely for evidentiary purposes, nor would it provide any evidence that could satisfy the subjective prong of the Court's analysis. In sum, though Plaintiff generally states that Defendants had inmates out of their cells, these allegations are unsworn and, even if taken as true, do not provide a sufficient factual basis for the Court to determine that any Defendant had specific knowledge of a risk of harm to Plaintiff. Accordingly, Plaintiff's objection is overruled.

<u>Fourth Objection</u>

Finally, Plaintiff goes on at length taking issue with the Court's substantive analysis of his claims. However, Plaintiff appears to make only general objections regarding his disagreement with the Magistrate Judge's recommendation, citing only the previously discussed declarations and unrelated order in support of his arguments. Plaintiff's continued reliance on the late declarations and unrelated order are misplaced and do not support his argument that the Report ought not be adopted. Plaintiff's amended objections are likewise conclusory and unsupported by argument or evidence. (*See* ECF No. 119). In all, Plaintiff has failed to point to any error in the Report's substantive analysis which would warrant correction. Accordingly, Plaintiff's objections are overruled.

IV.     **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 116). For the reasons discussed above and in the Report, Plaintiff's Motion for Directed Verdict (ECF No. 105) is denied; Plaintiff's "Motion for

Declaratory Judgment Act, 28 U.S.C. § 2201" (ECF No. 115) is denied; Plaintiff's Motion for Summary Judgment (ECF No. 86) is denied; and Defendants' Motions for Summary Judgment (ECF Nos. 97 & 99) are granted.

IT IS SO ORDERED.

March 2, 2026  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge