IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazel Stoudemire, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Sergeant Thomas; Lieutenant Priester; Captain Livingston; Bryan Stirling; and South Carolina Department of Corrections, <br><br> Defendants. | C/A No. 2:24-cv-124-JFA-MGB <br><br><br> **OPINION AND ORDER** |

This matter is before the Court on Plaintiff Hazel Stoudemire, Sr's "Motion Pursuant to FRCP 59(A)(B)(2), 59(C), 59(E)" which has been construed as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e). (ECF No. 137). Within his motion, Plaintiff "requests a substantive change of mind by this district court pursuant to FRCP 59(E)." (ECF No. 137, p. 1).

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.); *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d

1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Here, Plaintiff seeks to have this Court reconsider its prior order (ECF No. 134) adopting the Magistrate Judge's Report and Recommendation and consequently dismissing this action. Within his motion, Plaintiff presents the same arguments as those specifically presented and rejected within his objections to the Magistrate Judge's Report. (*Compare* ECF No. 118, 119 *with* ECF No. 137). Accordingly, Plaintiff's motion present neither new controlling law, nor new evidence, nor point out clear legal errors, but rather, is an improper attempt to reargue issues already decided by this Court. The Court understands that Plaintiff may disagree with this Court's ruling. However, Plaintiff has failed to show any error which would warrant the relief requested. Accordingly, Plaintiff's motion is denied.

IT IS SO ORDERED.

March 27, 2026                    Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge